UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-0084 (RWR) |
| | ) | |
| ELEANOR HOLMES NORTON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Now before the Court is defendant's motion to dismiss. For the reasons discussed below, the motion will be granted, and the complaint will be dismissed as frivolous.

Plaintiff alleges that "he is suffering . . . from a severe violation to the 14th Amendment to the U.S. Constitution," of such severity that "he was not allowed the same equal rights and access to an education that every person in the United States was allowed." Compl. at 1. He further alleges that he "contact[ed] Congresswoman Eleanor Holmes Norton's office . . . regarding this violation and many other severe violations as well as a racist hate group attacking him and other facts." *Id.* In addition to a claim under the Fourteenth Amendment, plaintiff also alleges a violation of the First Amendment, *id.*, apparently arising from the removal of a posting he made on a social networking site, *see id.*, Ex. B. He urges the defendant "and Congress [to] be more worried about abiding by the 14th Amendment and using proper appointed legislation to ensure the plaintiff's 14th Amendment was not violated as it has been." *Id.* at 2. Plaintiff demands that the defendant "pay . . . for . . . ruining the plaintiff's good name a total of $500,000." *Id.* at 3.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id*. at 328. The Court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: February 10, 2011

---

[1] In light of this ruling, the Court declines to address defendant's alternative bases for dismissal.